UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MICHAEL STEEGER, DAVIAN WILLIAMS,   :
ANNETTE WALTER, ROBERT MENARD,   :
and AARON ESCOBAR, individually and on   :
behalf of all other persons similarly situated,   :
                     Plaintiffs,   :

  :     **COMPLAINT AND**
  :     <u>**JURY DEMAND**</u>
  :
          -against-   :     Docket No.:
  :
PETSMART, INC.,   :
  :
         Defendant   :

-------------------------------------------------------------X

## <u>INTRODUCTION</u>

      Plaintiffs Michael Steeger, Davian Williams, Annette Walter, Robert Menard, and Aaron Escobar (hereafter, "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective Action and Class Action Complaint (the "Complaint") against Defendant PetSmart, Inc. ("Defendant" or "PetSmart"), seeking all available relief and allege the following based on personal knowledge as to Plaintiffs' own conduct and information and belief as to the acts of others.

## <u>NATURE OF THE ACTION</u>

      1.     Plaintiffs allege on behalf of themselves, as well as all other current and former Operation Managers, and similarly situated current and former employees holding comparable positions but different titles ("OMs"), employed by Defendant in the United States, who elect to opt into this action pursuant to the FLSA (hereinafter the "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) in a

workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

2.      Michael Steeger also brings this Class action on behalf of himself and all similarly situated current and former OMs of PetSmart, who worked in New York ("New York Class Members"), pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 19, §§ 190, 650, 661*, et seq.*

3.      Davian Williams also brings this Class action on behalf of himself and all similarly situated current and former OMs of PetSmart, who worked in Connecticut ("Connecticut Class Members"), pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Conn. Gen. Stat. Ann. §§ 31, *et seq.*

4.      Annette Walter also brings this Class action on behalf of herself and all similarly situated current and former OMs of PetSmart, who worked in Missouri ("Missouri Class Members"), pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Missouri Minimum Wage Law ("MMWL") Mo. Ann. Stat. §§ 290.500, *et. seq.*

5.      Robert Menard also brings this Class action on behalf of himself and all similarly situated current and former OMs of PetSmart, who worked in California ("California Class Members"), pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the California Business & Professional Code ("CBPC") §§ 17200, *et. seq.*

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Defendants are subject to personal jurisdiction in the State of New York.

8.      This Court has supplemental subject matter jurisdiction over Plaintiffs' and Class Members' state law claims pursuant to 28 U.S.C. § 1367.

9.      The claims of the Plaintiffs and Collective Action Members involve matters of national and/or interstate interest.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

11.     This Court is empowered to issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### I.      PLAINTIFFS

12.     Plaintiff Michael Steeger ("Steeger") is an adult individual, residing in Trumbull, Connecticut.

13.     Plaintiff Steeger worked for Defendant as an Operations Manager in the Portchester, New York store from in or about February 2011 to April 2011, Steeger then worked in Norwalk and Waterbury, Connecticut until May 2013.

14.     Plaintiff Davian Williams ("Williams") is an adult individual, residing in Norwalk, Connecticut.

15.     Plaintiff Davian Williams worked for Defendant as an Operations Manager in the Norwalk Connecticut store from in or about March 2008 until June 2014.  Plaintiff worked for Defendant in an alternate capacity from in or about June 2014 until October 2015.

16.     Plaintiff Annette Walter ("Walter") is an adult individual, residing in Auxvasse, Missouri.

17. Plaintiff Walter worked for Defendant as an Operations Manager in the Jefferson City, Missouri store from in or about June 2012 until October 2015. Plaintiff Walter is presently employed by Defendant but in an alternate capacity.

18. Plaintiff Robert Menard ("Menard") is an adult individual, residing in Vista, California.

19. Plaintiff Menard worked for Defendant as an Operations Manager in the Oceanside, California store from in or about June 2007 until March 2014.

20. Plaintiff Aaron Escobar ("Escobar") is an adult individual, residing in Tampa, Florida.

21. Plaintiff Escobar worked for Defendant as an Operations Manager in the Tampa, Clearwater, St. Petersburg, and New Port Richey Florida stores from in or about June 2002 until October 2014.

22. While employed by Defendant, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of the FLSA. Attached hereto as Exhibit "A" are Plaintiffs' Consents to Become Party Plaintiffs in this action.

**II. DEFENDANT**

23. Upon information and belief, Defendant, PetSmart, Inc. is an Arizona corporation with its principal place of business located at 19601 N. 27th Avenue, Phoenix, Arizona 85027.

24. According to its most recent 10K SEC filing, Defendant PetSmart, Inc. operates a chain of 1,237 stores in the United States, with net sales of over $6.9 billion in fiscal year 2013.

25. Defendant PetSmart, Inc. was and is doing business in New York, including at its retail locations throughout the state of New York.

26.     At all times relevant herein, Defendant PetSmart, Inc. employed Plaintiffs and the Collective Action Members within the meaning of the FLSA. Defendant employs/employed over 1,200 Operation Managers in the United States.

27.     Defendant PetSmart, Inc. is a covered employer within the meaning of the FLSA. Defendant has been and continues to be an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

28.     Defendant employed employees, including Plaintiffs, the Collective Action Members, and the Class Members who were engaged in commerce or the production of goods for commerce.

29.     Upon information and belief, Defendant PetSmart, Inc. had annual gross revenues in excess of $500,000 for all relevant periods herein.

30.     Defendant PetSmart, Inc. issued paychecks to Plaintiffs and all similarly situated employees during their employment.

31.     Defendant PetSmart, Inc. directed the work of Plaintiffs and all similarly situated employees and benefited from the work they performed.

32.     Pursuant to Defendant's policy, pattern and/or practice, Defendant did not pay Plaintiffs and other similarly situated employees, proper overtime wages for hours they worked for Defendant's benefit in excess of (40) forty hours in a workweek.

## COMMON FACTUAL ALLEGATIONS

33.     Defendant employed Plaintiffs, the Collective Action Members and Class Members as OMs.

34.     Defendant maintains control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiffs, the Collective Action Members, and the Class Members.

35.     Plaintiffs, the Collective Action Members' and the Class Members' work as OMs was integral to and performed during the normal course of Defendant's business.

36.     Consistent with Defendant's policy, pattern and/or practice, Plaintiffs, the Collective Action Members, and the Class Members regularly worked in excess of (40) forty hours per workweek without being paid overtime wages, in violation of the FLSA, NYLL, Article 19, §§ 190, 650, 661, *et seq.*, Conn. Gen. Stat. Ann. §§ 31, *et seq.*, MMWL, Mo. Ann. Stat. § 290.500, *et. seq*, CBPC §§ 17200, *et. seq.*, and/or all supporting regulations.

37.     The number of shifts Plaintiffs, each individual Collective Action Member, and each individual Class Member worked per week can be ascertained from Defendant's records.

38.     PetSmart assigned all of the work that Plaintiffs, the Collective Action Members, and the Class Members performed, and PetSmart is aware of all the work that they have performed.

39.     This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion concerning matters of significance.

40.     Throughout the Collective Action Period defined herein as (3) three years prior to the date of filing this Complaint until the entry of judgment in this case, (hereinafter the "Collective Action Period"), the Class Action Period defined herein as (2) two years prior to the filing of this complaint for Missouri and Connecticut Class Members, (4) four years prior to the filing of this complaint for California Class Members and (6) six years prior to the filing of this

complaint for New York Class Members to the entry of judgment in this case ("Class Action Periods"), Plaintiffs, the Collective Action Members, and the Class Members performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives called planograms, unpacking merchandise, unloading trucks, and caring for pets, including cleaning cages.

      41.    Throughout the Class and Collective Action Period, the primary job duties of Plaintiffs, the Collective Action Members and the Class Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion. The primary job duties of Plaintiffs, the Collective Action Members, and the Class Members did not materially differ from the duties of non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiffs', Collective Action Members' and the Class Members' working hours.

      42.    Pursuant to a centralized, company-wide policy, pattern and/or practice, PetSmart classified all OMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA, NYLL, Article 19, §§ 190, 650, 661, *et seq*., Conn. Gen. Stat. Ann. §§ 31, *et seq.*, MMWL, Mo. Ann. Stat. § 290.500, *et. seq,* and California Labor Code §§ 200, 210, 500, 1170, 1190 *et. seq.* and/or all supporting regulations.

      43.    PetSmart did not perform a person-by-person analysis of the job duties of OMs when making the decision to classify all of them uniformly as exempt.

44.     Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs and similarly situated OMs worked.  Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each store.  Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and other similarly situated OMs (who were not paid overtime) to work more than (40) forty hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation.  This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

45.     Defendant acted willfully and knew, by virtue of the fact that its Store Managers and District Managers (as its authorized agents) actually saw Plaintiffs and other similarly situated OMs perform primarily manual labor and non-exempt duties, and that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

46.     As an experienced and practical retailer operating over 1,200 stores throughout the country, Defendant was aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs and other similarly situated OMs were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption.  Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA, it, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated OMs as non-exempt employees.

47.     Defendant knew or should have known that Plaintiffs and other similarly situated exempt OMs were not performing activities that complied with any overtime exemption since it has previously been sued for such wage and hour overtime violations on behalf of OMs.

48.     Defendant was, or should have been, aware that state and federal law required them to pay employees performing primarily non-exempt duties an overtime premium for hours worked in excess of (40) forty per week.

49.     Defendant's unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, companywide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA, NYLL, Article 19, §§ 190, 650, 661, *et seq.*, Conn. Gen. Stat. Ann. §§ 31, *et seq.*, MMWL, Mo. Ann. Stat. § 290.500, *et. seq,* CBPC §§ 17200, *et. seq.,* and/or all supporting regulations.

50.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and  NYLL, Article 19, §§ 190, 650, 661, *et seq.*, Conn. Gen. Stat. Ann. §§ 31, *et seq.*, MMWL, Mo. Ann. Stat. § 290.500, *et. seq,* and CBPC §§ 17200, *et. seq.*, with respect to Plaintiffs, the Collective Action Members, and the Class Members.  This policy, pattern, and practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff, the Collective Action Members, and the Class Members were and have been performing, and that, as a result, Defendant has been:

      a.    willfully misclassifying Plaintiff, the Collective Action Members, and the Class Members as exempt from the overtime requirements of the FLSA, NYLL, Article 19, §§ 190, 650, 661, *et seq.*, Conn. Gen. Stat. Ann. §§ 31, *et seq.*, MMWL, Mo.

Ann. Stat. § 290.500, *et. seq,* CBPC §§ 17200, *et. seq.,* and/or all supporting regulations;

b.  willfully failing to pay Plaintiffs, the Collective Action Members, and the Class Members overtime wages for hours they worked in excess of (40) forty hours per week; and

c.  willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt OMs to perform such non-exempt tasks.

51.    Defendant's willful violations of the FLSA, NYLL, Article 19, §§ 190, 650, 661*, et seq.,* Conn. Gen. Stat. Ann. §§ 31, *et seq.,* MMWL, Mo. Ann. Stat. § 290.500, *et. seq,* CBPC §§ 17200, *et. seq.,* and/or all supporting regulations are further demonstrated by the fact that during the course of the Class and Collective Action Periods and continuing, Defendant failed to maintain accurate and sufficient time records for Plaintiffs, the Collective Action Members, and the Class Members.

52.    Defendant acted recklessly or in willful disregard of the FLSA, NYLL, Article 19, §§ 190, 650, 661*, et seq.,* Conn. Gen. Stat. Ann. §§ 31, *et seq.,* MMWL, Mo. Ann. Stat. § 290.500, *et. seq,* CBPC §§ 17200, *et. seq.,* and/or all supporting regulations by instituting a policy and practice that did not allow Plaintiffs, the Collective Action Members, and the Class Members to record all hours worked.

53.    Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiffs, the Collective Action Members and the Class Members in excess of (40) forty hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are currently or were formerly employed by PetSmart as OMs and individuals holding comparable salaried positions with different titles employed by Defendant within the United States during the Collective Action Period, which is at any time from April 1, 2013, to the entry of judgment in this case.

55.     PetSmart is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and other similarly situated employees.

56.     There are numerous similarly situated current and former OMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

57.     The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## RULE 23 CLASS ALLEGATIONS

58.     Plaintiffs sue on their own behalf and on behalf of classes of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

59.     Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

 a.  The class is so numerous that joinder is impracticable;

 b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

 c.  Claims or defenses of the representative are typical of the class;

 d.  The representative will fairly and adequately protect the class; and,

e. A class action is superior to other methods of adjudication.

60. The Rule 23 Class that Plaintiff Steeger seeks to identify includes:

> Current and former employees of Defendant, who, at any time within the
> six (6) years prior to the filing of the Complaint through the date of final
> disposition of this matter, are or have been employed by Defendant in the
> position of Operations Manager, and/or employees holding comparable
> positions but different titles in a PetSmart store located in the State of New
> York and classified as exempt from overtime compensation, and who have
> not been paid for all hours worked by them as well as overtime wages and
> were not properly issued accurate wage statements each pay period ("New
> York Class Members" or together with all Rule 23 Plaintiffs as "Class
> Members").

61. The Rule 23 Class that Plaintiff Williams seeks to identify includes:

> Current and former employees of Defendant, who, at any time within the
> two (2) years prior to the filing of the Complaint through the date of final
> disposition of this matter, are or have been employed by Defendant in the
> position of Operations Manager, and/or employees holding comparable
> positions but different titles in a PetSmart store located in the State of
> Connecticut and classified as exempt from overtime compensation, and
> who have not been paid for all hours worked by them as well as overtime
> wages ("Connecticut Class Members" or together with all Rule 23
> Plaintiffs as "Class Members").

62. The Rule 23 Class that Plaintiff Walter seeks to identify includes:

> Current and former employees of Defendant, who, at any time within the
> two (2) years prior to the filing of the Complaint through the date of final
> disposition of this matter, are or have been employed by Defendant in the
> position of Operations Manager, and/or employees holding comparable
> positions but different titles in a PetSmart store located in the State of
> Missouri and classified as exempt from overtime compensation, and who
> have not been paid for all hours worked by them as well as overtime

wages ("Missouri Class Members" or together with all Rule 23 Plaintiffs as "Class Members").

63. The Rule 23 Class that Plaintiff Menard seeks to identify includes:

> Current and former employees of Defendant, who, at any time within the four (4) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendant in the position of Operations Manager, and/or employees holding comparable positions but different titles in a PetSmart store located in the State of California and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages ("California Class Members" or together with all Rule 23 Plaintiffs as "Class Members").

### Numerosity

64.    The persons in the Classes identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number can be made are presently within the sole control of Defendant, upon information and belief, there are at least 100 members of Class during the Class Period.

### Common Questions of Law and/or Fact

65.    There are common questions of law and fact that govern the claims that are available to each and every Class Member, including but not limited to the following: There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.  whether Defendant has a policy of misclassifying OMs as "exempt" employees and denied them overtime compensation;

b.   whether Defendant has failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.   what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

d.   whether Defendant has failed and/or refused to pay Plaintiff and the Class Members overtime pay for hours worked in excess of (40) forty hours per work week within the meaning the NYLL, Article 19, §§ 190, 650, 661, *et seq.*, Conn. Gen. Stat. Ann. §§ 31, *et seq.*, MMWL, Mo. Ann. Stat. § 290.500, *et. seq,* CBPC §§ 17200, *et. seq.,* and all supporting regulations;

e.   the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

f.   whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive and statutory damages, interest, attorneys' fees, costs and disbursements; and

g.   whether Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all Class Members.

<u>Typicality of Claims and/or Defenses</u>

66.    The claims of Plaintiffs are typical of the claims of Class Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

<u>Adequacy</u>

67.    Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

68.    Plaintiffs have the same interests in this matter as all other Class Members and Plaintiffs' claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

69.    Plaintiffs' claims are typical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least substantially-similarly, to Class Members.

70.    Any lawsuit brought by a salaried OM of Defendant's would be identical to a suit brought by any salaried OM for the same violations.  Thus, separate litigation would risk inconsistent results.

71.    Accordingly, this means of protecting the Class Members' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

72.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT**
**<u>FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES</u>**

73.    Plaintiffs and Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

74.    At all relevant times, Defendant employed Plaintiffs, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.  PetSmart

15

has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

75.    Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

76.    The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to PetSmart.

77.    At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay overtime compensation to its OMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of forty (40) in a workweek.

78.    As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of (40) forty hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

79.    As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

80.    As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its stores, Defendant knew or recklessly disregarded the fact

that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

81.    Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the Collective Action Members, Defendant's actual knowledge, through its Store Managers and District Managers that the primary duties of Plaintiffs and the Collective Action Members was manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendant's instituting a policy and practice that did not allow Plaintiffs and the Collective Action Members to record all hours worked, Defendant's failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, and previous FLSA lawsuits alleging OMs were improperly classified as exempt, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

82.    Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

83.    As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

84.    PetSmart's willful violations of the FLSA subject it to a three-year statute of limitations for these claims, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## NEW YORK LABOR LAW: UNPAID OVERTIME WAGES

85.    Plaintiffs and Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

86.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiffs and New York Class Members.

87.    Defendant has failed to pay Plaintiffs and New York Class Members the overtime wages to which they are entitled under the NYLL and supporting New York State Department of Labor Regulations.

88.    Through their knowing or intentional failure to pay Plaintiffs and New York Class Members overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the NYLL Article 19, §§ 650 et seq., and supporting New York State Department of Labor Regulations.

89.    As a result of Defendant's violations of the NYLL, Plaintiffs and New York Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT
## NEW YORK LABOR LAW: NOTICE AND RECORD KEEPING REQUIREMENTS

90.    Plaintiffs and Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

91.    NYLL § 195(4) requires, among other things, that Defendant establish and maintain, for at least three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

92.    NYLL § 661 requires Defendant to maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

93.    12 N.Y.C.R.R. § 142-2.6 requires Defendant to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

94.    NYLL § 195(3) requires that Defendant to furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

95.    N.Y.C.R.R. § 142-2.7 requires Defendant to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

96.    Defendants did not provide Plaintiffs and New York Class Members with the requisite notices and statements described above in paragraph 95.

97.    As a result of Defendant's failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), Plaintiffs and the New York Class Members are entitled to recover penalties from Defendant, as provided by NYLL § 198(1)(b) and 198(1)(d).

## FOURTH CAUSE OF ACTION AGAINST DEFENDANT
## <u>CONNECTICUT LABOR LAW: UNPAID OVERTIME WAGES</u>

98.     Plaintiffs and Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

99.     The overtime wage provisions of Connecticut, to wit the Conn. Gen. Stat. Ann. § 31-76c that require the employer to pay overtime wages for any hour worked over forty (40) hours per week, apply to Defendant and protect Plaintiffs as well as the Connecticut Class Members.

100.    Defendant has failed to pay Plaintiffs and Connecticut Class Members the overtime wages to which they are entitled under the Conn. Gen. Stat. Ann. § 31-76c.

101.    Through their knowing or intentional failure to pay Plaintiffs and Connecticut Class Members overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the Conn. Gen. Stat. Ann. § 31-76c., and supporting regulations.

102.    As a result of Defendant's violations of the Connecticut wage laws, Plaintiffs and the Connecticut Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANT
## <u>MISSOURI MINIMUM WAGE LAW: UNPAID OVERTIME WAGES</u>

103.    Plaintiffs and Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

104.    At all relevant times herein, Plaintiffs and Missouri Class Members who worked in Missouri have been entitled to the rights, protections, and benefits provided under the MMWL, Mo. Ann. Stat. § 290.500, *et. seq.*

20

105.    The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. Mo. Ann. Stat. §§ 290.500(3) & (4); Mo. Ann. Stat. § 290.505.1.

106.    During all times relevant to this action, PetSmart was an "employer" of Plaintiffs and Missouri Class Members within the meaning of the MMWL, Mo. Ann. Stat. §§ 290.500(3) & (4).

107.    During all times relevant to this action, Plaintiffs and Missouri Class Members were PetSmart's "employees" within the meaning of the MMWL, Mo. Ann. Stat. § 290.500(3).

108.    The MMWL exempts certain categories of employees from its wage and other obligations, none of which apply to Plaintiffs or Missouri Class Members. *Id.*

109.    Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of (40) forty hours in a workweek. Mo. Ann. Stat. § 290.505.1.

110.    PetSmart pursuant to its policy and practice violated the MMWL by refusing and failing to pay Plaintiffs and other similarly situated employee's overtime wages required under the MMWL. *Id.*

111.    Plaintiffs and Missouri Class Members are victims of a uniform and employer-based compensation policy.

112.    Plaintiffs and Missouri Class Members are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. Mo. Ann. Stat. § 290.527.

113.     As a result of Defendant's MMWL violations, Plaintiffs, on behalf of themselves and the Missouri Class Members, are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked in excess of forty (40) in a workweek as overtime compensation; (b) liquidated damages; and (c) reasonable attorneys' fees, costs and disbursements of this action, as allowed by Mo. Ann. Stat. §290.527.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANT**
**CALIFORNIA BUSINESS & PROFESSIONAL CODE: UNFAIR COMPETITION**

114.     Plaintiffs and Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

115.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL").  The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

116.     Beginning at a date unknown to Plaintiffs, but at least as long ago as (4) four years before filing of the Complaint in this case, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described above.  Defendant's conduct, as alleged, has injured the Plaintiff and the UCL Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the UCL Class.

117.     Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia,* each of the following laws.  Each of these violations constitutes an independent and separate violation of the UCL:

a.     FLSA, 29 U.S.C. § 201, *et seq.*;

b.     California Labor Code § 1194;

c.     California Labor Code §§ 201, 202, 203, 226;

      d.      California Labor Code § 1174, 1174.5; and

      e.      California Labor Code § 510.

118.    Defendant's course of conduct, acts, and practices in violation of the laws mentioned in Paragraph 117, above, constitute separate and independent violations of the UCL. Defendant's conduct described here violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

119.    The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class Members in that they were wrongfully denied the payment of earned overtime wages.

120.    Plaintiffs, on behalf of themselves and the California Class Members, seek to recover attorneys' fees and costs of this action, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

121.    Plaintiffs, on behalf of themselves and the UCL Class, seeks restitution in the amount of the unpaid wages they earned and are due, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of (40) forty hours in a workweek, or (8) eight hours in a day, and double the regular rate of pay for work performed in excess of (12) twelve hours per day.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, the Collective Action Members, and Class Members, are entitled to and pray for the following relief:

A.  Certification of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Action Members, apprising them of the pendency of this

action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations; Certification of all rule 23 claims in this action as a class action;

B.  Designation of Plaintiffs as Class Representatives;

C.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the relevant state laws;

D.  Appropriate equitable and injunctive relief to remedy the Defendant's violations of the FLSA and state laws, including but not limited to an order enjoining Defendant from continuing its unlawful practices;

E.  An award of unpaid wages for all hours worked in excess of forty (40) in a workweek at a rate of one and one-half times the regular rate of pay under the within cited statutes using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

   a.  An award of Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and NYLL Article 19, §§ 650 et seq., the supporting New York State Department of Labor Regulations, Conn. Gen. Stat. Ann. §§ 31, *et seq.*, MMWL, Mo. Ann. Stat. § 290.500, *et. seq,* and the CBPC §§ 17200, *et. seq.,* as well as the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

   b.  Penalties under NYLL § 198(1)(b) and 198(1)(d) for the defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3);

24

F.  An award of prejudgment and post-judgment interest;

G.  An award of costs and expenses of this action together with reasonable attorneys' and

   expert fees and an award of a service payment to Plaintiff; and

H.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs, Collective Action Members, and Class

Members demand a trial by jury on all questions of fact raised by the Complaint.


Dated:  New York, New York
        April 1, 2016

                                  By:   _____
                                        Rebecca S. Predovan, Esq.
                                        Marc Hepworth, Esq.
                                        David Roth, Esq.
                                        Charles Gershbaum, Esq.
                                        **HEPWORTH GERSHBAUM & ROTH PLLC**
                                        192 Lexington Avenue, Suite 802
                                        New York, New York 10016
                                        Tel:  (212) 545-1199
                                        Fax:  (212) 532-3801

                                        *Attorneys for Plaintiffs*

# Exhibit "A"

**CONSENT TO BECOME A PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Defendant PETSMART, INC., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies (collectively "PetSmart") to pay me overtime wages as required under federal law and also authorize the filing of this consent in a lawsuit challenging such conduct. I hereby designate Plaintiff's counsel to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against PetSmart and/or other entities and/or persons potentially liable.

*Michael Sreeger*
Michael Steeger (Feb 5, 2016)

_____
Signature


_____
Printed Name


_____
Address


_____
City/State


_____
Zip Code


_____
Telephone


_____
Email Address

### CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Defendant PETSMART, INC., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies (collectively "PetSmart") to pay me overtime wages as required under federal law and also authorize the filing of this consent in a lawsuit challenging such conduct. I hereby designate Plaintiff's counsel to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against PetSmart and/or other entities and/or persons potentially liable.

_Davian Williams (Feb 24, 2016)_
_____
Signature

Davian Williams
_____
Printed Name

███████████
_____
Address

██████████
_____
City/State

███████
_____
Zip Code

███████████
_____
Telephone

████████████████
_____
Email Address

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Defendant PETSMART, INC., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies (collectively "PetSmart") to pay me overtime wages as required under federal law and also authorize the filing of this consent in a lawsuit challenging such conduct. I hereby designate Plaintiff's counsel to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against PetSmart and/or other entities and/or persons potentially liable.

_Annette Walter (Feb 17, 2016)_
_____
Signature

Annette Walter
_____
Printed Name

██████████████
_____
Address

████████████
_____
City/State

████
_____
Zip Code

█████████
_____
Telephone

█████████████
_____
Email Address

### CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Defendant PETSMART, INC., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies (collectively "PetSmart") to pay me overtime wages as required under federal law and also authorize the filing of this consent in a lawsuit challenging such conduct. I hereby designate Plaintiff's counsel to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against PetSmart and/or other entities and/or persons potentially liable.

_Robert Bruce Menard (Feb 11, 2016)_
_____
Signature

Robert menard
_____
Printed Name

███████████
_____
Address

███████
_____
City/State

███
_____
Zip Code

████████
_____
Telephone

██████████████
_____
Email Address

**CONSENT TO BECOME A PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf in a collective and class action, to contest the alleged failure of Defendant PETSMART, INC., and/or its parent, subsidiary, predecessor, successor, affiliated, and related companies (collectively "PetSmart") to pay me overtime wages as required under federal law and also authorize the filing of this consent in a lawsuit challenging such conduct. I hereby designate Plaintiff's counsel to represent me in the suit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I also consent to join any separate or subsequent action or arbitration proceeding to assert my claim against PetSmart and/or other entities and/or persons potentially liable.

*Aaron Escobar*
Aaron Escobar (Jan 18, 2016)
_____
Signature

Aaron Escobar
_____
Printed Name

███████████
_____
Address

██████
_____
City/State

██████
_____
Zip Code

██████████
_____
Telephone

███████████████
_____
Email Address